## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

**JOSHUA NEWKIRK,**

    PLAINTIFF**,**

**V.**

**MYDATT SERVICES, INC.** d/b/a Block by Block, a Foreign corporation,

    DEFENDANT**.**

### COMPLAINT

COMES NOW, Plaintiff, JOSHUA NEWKIRK ("Plaintiff"), by and through undersigned counsel, hereby files the instant suit against Defendant, MYDATT SERVICES, INC. ("Defendant"), and states:

### PARTIES

1. At all times material, Plaintiff was a resident of Broward County, Florida, over eighteen (18) years of age, and is otherwise *sui juris*.

2. Plaintiff is a male.

3. Defendant is a Foreign corporation who conducts business in Broward County, Florida, where Plaintiff was employed.

4. At all times relevant, Defendant employed more than fifteen (15) employees and was Plaintiff's employer with the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(a) to (b).

## JURISDICTION AND VENUE

5. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), on the basis of discrimination and retaliation.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Broward County, Florida, is the proper venue because the unlawful employment practices of the Defendant were committed in this jurisdiction, because Plaintiff was employed by Defendant in Broward County, because Defendant's office is located in BrowardCounty, and because the employment records of Plaintiff are or have been administered in Broward County.

## CONDITIONS PRECEDENT

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and has timely filed this Complaint after receipt of Right to Sue Letters from the EEOC within ninety (90) days of Plaintiff's receipt of same

9. All presuit requirements have either been satisfied by Plaintiff or waived by Defendant.

## FACTUAL BACKGROUND

10. Plaintiff was employed by Defendant from approximately September 28, 2021 to approximately November 28, 2022, working for Defendant as an Operations Manager.

11. While Plaintiff was working in the field, as opposed to Defendant's office, Plaintiff

immediately and continuously was subjected to ongoing sexual harassment from other employees of Defendant.

12. These workers would often use lewd language, discuss females and their body parts, and generally make Mr. Newkirk uncomfortable in the workplace. When Mr. Newkirk raised his objections to the workers making these comments, they would ridicule Mr. Newkirk and say things like "what are you, gay?"

13. As a result, Mr. Newkirk lodged multiple complaints to his own Director, Clayton Rutledge ("Mr. Rutledge").

14. Mr. Rutledge would just brush off Plaintiff's complaints and advised him to "try not to be offended."

15. In response to Plaintiff's complaints, Respondent took no corrective action.

16. In fact, Defendant's working environment and culture was so bad, that Defendant had an unwritten policy not to hire female employees, despite females fully being able to perform the job duties of the position, just to avoid females working in this hostile work environment, instead of correcting the issue.

17. Additionally, Plaintiff lodged several complaints regarding Defendant's storage room that was located inside of a parking garage.

18. This storage room contained gas equipment, there were several fire hazards and no fire extinguishers, and a lot of electricity was being run from one outlet.

19. This storage room further did not have proper ventilation, first aid station, or eyewash station despite dealing with hazardous materials, and was otherwise, based upon information and belief, not up to code pursuant to the Occupational Safety and Health Administration (OSHA).

20. Because of Plaintiff's complaints of sexual harassment and/or OSHA complaints, he was terminated from his position.

21. Plaintiff has suffered damages as a result of Defendant's discrimination and retaliation.

**COUNT I**
**SEX HARRASSMENT CLAIM UNDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

22. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16.

23. Title VII of the Civil Rights Act of 1964 makes sexual harassment illegal if it is unwelcome and it is so frequent or serious that it creates a hostile work environment.

24. Title VII of the Civil Rights Act of 1964 protects employees from being harassed by a supervisor, a supervisor in another area, a co-worker, and others in the workplace.

25. Plaintiff is a member of a protected class.

26. Plaintiff was subject to disparate treatment by Defendant.

27. Plaintiff suffered adverse employment actions.

28. The harassing treatment was because of Plaintiff's sex.

29. The actions and behavior of Defendant's employees was severe or pervasive.

30. Defendant's employees behavior was unwelcome.

31. Defendant failed to take any corrective action.

32. There was a causal connection between the adverse employment action and Plaintiff's membership in the protected class.

33. A tangible employment action occurred.

WHEREFORE, Plaintiff, JOSHUA NEWKIRK, respectfully requests that this Court

enter judgment in his favor and against Defendant, MYDATT SERVICE, INC., awarding Plaintiff any and all damages recoverable under the law, as well as his reasonable attorneys' fees and costs of litigation.

## COUNT II
## RETALIATION UNDER OSHA

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10, 17 through 21..

35. Section 11(c) of OSHA prohibits employers from retaliating against employees for exercising a variety of rights guaranteed under OSHA, including raising health and safety concerns with their employer.

36. There was a causal connection between the adverse employment action and Plaintiff raising health and safety concerns with Defendant.

37. Plaintiff was terminated in retaliation for raising OSHA concerns.

WHEREFORE, Plaintiff, JOSHUA NEWKIRK, respectfully requests that this Court enter judgment in his favor and against Defendant, MYDATT SERVICE, INC., awarding Plaintiff any and all damages recoverable under the law, as well as his reasonable attorneys' fees and costs of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

DATED:  February 9, 2024

MILITZOK LAW, P.A.
*ATTORNEYS FOR PLAINTIFF*
8958 W. STATE ROAD 84, #1036
FORT LAUDERDALE, FL 33324
(954) 780-8228 - TELEPHONE
(954) 791-4456– FACSIMILE
BJM@MILITZOKLAW.COM


BY: /S/ BRIAN MILITZOK
BRIAN J. MILITZOK, ESQ
FLA. BAR NO.: 0069993